# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

     **v.**                                        Criminal Action No. 2:13cr42

**TRACI LYNN WILSON,**

     **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter is before the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Traci Lynn Wilson, in person and by counsel, Lary D. Garrett, appeared before me on December 17, 2013. The Government appeared by Brandon Flower, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

The Court proceeded with the Rule 11 proceeding by placing Defendant under oath.

The Court determined Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. During his summarization the Court noted what appeared to be a mistake in the written agreement in paragraph 12. That paragraph read that Defendant would waive her right to appeal if her sentence was greater than twelve months. Both counsel agreed that that was incorrect, and should read that Defendant waives her right to appeal if her sentence is 12 months or less. Counsel amended the written agreement so that the defendant waives her right to directly appeal her sentence if her actual sentence is less than or equal to 12 months. Counsel and Defendant initialed the amendment. Both counsel agreed the current agreement was the only agreement offered to Defendant. Defendant stated the agreement as amended and summarized by counsel for the Government was correct and

complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. The undersigned explained to Defendant that if she consented to the undersigned hearing and accepting her plea, the undersigned would conduct the hearing and if she pled guilty, the undersigned would find her guilty of the offense to which she pled. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Traci Lynn Wilson, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging her with distribution of methamphetamine within 1,000 feet of a school. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not less than one (1) nor more than forty (40) years; understood that a fine of not more than $2,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to up to six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct: Did you and Mr. Garrett discuss that under 18 USC section 3742 you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals provided that you give written notice of your intent to appeal within 14 days of sentencing?

Def: Yes, sir.

3

Ct: Did you discussion with Mr. Garrett, and did you understand from that discussion, that under paragraph 12of your written plea agreement as amended and signed off on by you today, if your actual sentence is less than or equal to 12 months of incarceration, you give up your right to appeal your conviction and that sentence to the to the Fourth Circuit Court of Appeals?

Def: Yes, sir.

Ct: Is that what you intended to do by signing off on the amendment to paragraph 12 in your agreement today?

Def: Yes.

Ct: Did you discuss with Mr. Garrett and do you understand from that discussion that under 28 United States Code Section 2255 you may collaterally attack or challenge your sentence and how that sentence is being carried out – executed?

Def: Yes.

Ct: Did you understand that by pleading guilty, under paragraph 13 of your written plea agreement, you waive your right to collaterally attack or challenge that sentence by filing a motion under 28 USC section 2255?

Def: Yes.

Ct; And that also includes how the sentence is being carried out.

Def: Yes.

Ct: You did that also knowingly and voluntarily?

Def: Yes.

Ct: And you understood those provisions before you answered my questions today?

Def: Yes.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Indictment, make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report, and impose an actual sentence. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the

Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant acknowledged her understanding and maintained her desire to have her plea of guilty accepted.

Defendant also understood that, although she was pleading guilty to one count in the Indictment, any other counts would not be dismissed at this time. The United States would move to dismiss the remaining counts (if any) in the Indictment against her at sentencing.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea.

Defendant understood that even if her counsel had shown her the guideline chart and estimated a term or range of imprisonment, she could not take that estimate as a guarantee or promise that the district judge would impose that term or range of imprisonment, and that, if sentenced to a higher term or range of imprisonment, she would not be permitted to withdraw her guilty plea.

Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court inquired and Defendant advised that she is a United States citizen. The Court then advised and determined Defendant understood that if she is not a United States citizen, an adjudication of guilty may subject her to deportation, denial of entry into the U.S. and the inability to obtain U.S. citizenship.

Thereupon, Defendant, Traci Lynn Wilson, with the consent of her counsel, Lary D. Garrett, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing in order to provide an independent basis in fact to support the guilty plea. In this case, however, the parties had agreed to a proffer by the AUSA in place of live witness testimony. The AUSA then proffered that on or about September 27, 2012, at or near Moorefield, West Virginia, the West Virginia State Police Bureau of Criminal Investigation arranged a controlled purchase of methamphetamine by a confidential informant from Defendant. The transaction took place within 1000 feet of the Moorefield Intermediate and Middle Schools, both public schools in Hardy County, within the Northern District of West Virginia. The substance Defendant sold was sent to the DEA lab, which determined it was methamphetamine. The Confidential Informant had paid Defendant $50.00 for the methamphetamine.

Defendant stated she heard, understood and agreed with the Government's proffer. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count One of the Indictment is supported by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count One of the

Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment. Accordingly, Defendant is **FOUND GUILTY** of Count One of the Indictment charging her with felony distribution of methamphetamine within 1,000 feet of a protected location in violation of 21 U.S.C. §841(b)(1)(C) and 860.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an order setting conditions of pretrial release previously entered in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 17, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE